■ In the Matter of R. & M. Combustion Co., Inc., et al., Appellants, v Ethan C. Eldon et al., Respondents.—Judgment, Supreme Court, New York County, entered on August 2, 1977, unanimously affirmed for the reasons stated by Gabel, J., at Special Term, without costs and without disbursements. Concur—Lupiano, J. P., Birns, Fein, Sandler and Sullivan, JJ.

■ International Investors Incorporated, Respondent, v International Investors Service, Inc., Appellant.—Order, Supreme Court, New York County, entered on February 14, 1978, unanimously affirmed for the reasons stated by Asch, J., at Special Term. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Concur—Lupiano, J. P., Birns, Fein, Sandler and Sullivan, JJ.

■ Cedric David et al., Petitioners, v Frank Rogers et al., Respondents.—Special proceeding, originated in this court and brought as a class action pursuant to CPLR articles 9, 30 and 78, seeking a declaratory judgment and relief in the nature of mandamus to direct respondents to comply with CPL 160.50, unanimously transferred for disposition to Special Term, Supreme Court, New York County. CPL 160.50 requires, in substance, that upon termination of a criminal action or proceeding in favor of an accused, a court of criminal jurisdiction shall enter an order directing that all official records and papers relating to the arrest or prosecution of the terminated case be sealed and that all photographs and fingerprints taken of the accused be returned by law enforcement agencies to the person in whose favor the proceeding has been favorably terminated, unless the District Attorney or court shall have moved to deny such relief. The petition alleges that some Judges have failed to issue orders for the relief described in CPL 160.50 (subds [a], [b], [c]) and that appropriate administrative steps have not been taken to ensure the fulfillment of the court's duties under CPL 160.50. The petition further alleges that the Division of Criminal Justice Services and the New York City Police Department have not complied with this section in a timely fashion. As originally brought, the predicate for jurisdiction in this court was found in CPLR 506 (subd [b], par 1), which provides that a proceeding against a Justice of the Supreme Court shall be brought in the Appellate Division for the department in which the matter sought to be enforced or restrained originated. Since that time a stipulation of partial discontinuance was entered into with the Justices, in effect granting the relief sought as to them. The settlement removes the jurisdictional bases for this court's consideration of the matter. Accordingly, this matter is unanimously transferred to Special Term for further proceedings as to the remaining respondents. Concur—Birns, J. P., Evans, Lane, Markewich and Sandler, JJ.