■ ALIDA RODRIGUEZ, Plaintiff, v FORD MOTOR COMPANY, Respondent, and PETER NYIRI et al., Appellants. [753 NYS2d 63] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 5, 2001, which, in an action for personal injuries sustained when plaintiff was hit by a car driven and owned by defendants-appellants, denied appellants' motion to suppress records and preclude the testimony of a police officer relating to the driver's arrest at the scene of the accident and ensuing indictment, and granted defendant-respondent car manufacturer's cross motion to unseal such records, unanimously affirmed, without costs.

Appellants, by denying that intoxication caused the driver to lose control of the car, and, by way of cross claim, seeking to put the blame for the accident on the car manufacturer, have affirmatively put the circumstances surrounding the driver's arrest and indictment in issue, and thus waived the protection afforded by CPL 160.50, which otherwise would keep such records sealed (*see Lundell v Ford Motor Co.*, 120 AD2d 575, 576). "Where * * * an individual affirmatively places the underlying conduct at issue by bringing a civil suit, the courts have consistently held that the statutory protection is waived. The privilege of CPL 160.50 may not be used 'as a sword to gain an advantage in a civil action.'" (*Green v Montgomery*, 95 NY2d 693, 701 [citations omitted].) It does not avail appellants that they are defendants in this action, not plaintiffs as in *Green* and *Lundell*. As the motion court stated, appellants effectively made themselves "plaintiffs" by asserting a cross claim against the manufacturer (*see* CPLR 3019 [d]). Appellants' announcement in their brief that they have "discontinued" their cross claim against the manufacturer does not change the result. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Gonzalez, JJ.