(March 11, 2004)

■ JENNIFER L. CHAPPELEAR, Appellant, v DOLLAR RENT-A-CAR SYSTEMS, INC., Respondent, et al., Defendants. [772 NYS2d 690]—

Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered on or about March 12, 2003, which granted the motion of defendant Dollar Rent-A-Car Systems, Inc. for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint against said defendant reinstated.

The only issue presented on appeal is whether defendant Dollar Rent-A-Car Systems, Inc. presented sufficient proof to rebut, as a matter of law, the presumption of permissive use under Vehicle and Traffic Law § 388. On October 12, 1999, plaintiff was a passenger in a taxicab owned by defendant TA Taxi Service,

Inc. and operated by defendant Frusnel Augustin,[1] when, at the intersection of 71st Street and Lexington Avenue in Manhattan, the taxicab was struck in the rear by a 1999 gray Dodge bearing Pennsylvania license plate BYS7996, registered in the name of Dollar and operated by James Gilchrist, a defaulting defendant. As a result of the accident, plaintiff claims to have sustained personal injuries. In her complaint, plaintiff has alleged the foregoing facts as well as that Gilchrist "operated the aforementioned motor vehicle [i.e., BYS7996] with the permission and consent, express or implied, of [Dollar]." In its answer, Dollar denied knowledge or information sufficient to form a belief as to whether it owned the vehicle bearing license plate BYS7996 and denied that the "aforementioned motor vehicle" was operated with its consent.

After discovery was completed, Dollar moved for summary judgment dismissing the complaint, asserting that "DOLLAR[ ] was the owner of a 1999 Dodge Intrepid bearing the New York State Registration # B2R5286 and VIN # 2B38D46R6XH796393 . . . . That on August 26, 1999, Mr. Reginald Grant rented from DOLLAR, said 1999 Dodge Intrepid" (emphasis added)[2] from Dollar's rental facility at Philadelphia International Airport in Philadelphia, Pennsylvania. Dollar further asserted that following Grant's failure to return the rental vehicle on August 28, 1999, it adhered to its own written procedures on reporting a stolen or overdue vehicle and that its computer printout indicated that the vehicle rented to Grant was reported stolen on October 6, 1999. In opposition, plaintiff argued that Dollar failed to show that its stolen vehicle, rented by Reginald Grant, was the same vehicle involved in the accident, given the difference in license plate numbers, and that, therefore, Gilchrist, the operator, had constructive consent as a matter of law. In reply, Dollar alleged that "Police Officer Stuart Edelson . . . stated that he was informed by . . . an employee at DOLLAR, that said vehicle [a 1999 gray Dodge Intrepid] was being operated by Mr. Gilchrist without 'permission or authority to take, possess or otherwise use the vehicle'. . . . It is again expressed that the vehicle in question **was reported stolen**. Had Mr. Grant himself been operating the vehicle, he would not have had the permission and consent of DOLLAR." Supreme Court granted the motion, finding that Dollar "established through an affidavit and

---

1. We are told that summary judgment has been granted in favor of the taxi owner and its driver.

2. At his deposition, Anthony Ditrolio, a senior station manager at Dollar's Philadelphia International Airport location, identified the license number of the vehicle rented to Grant as BZR5286, which was also the license number appearing on the rental agreement between Grant and Dollar.

documentary evidence that the motor vehicle in question was stolen at the time of the accident." We reverse.

We find that, given the unexplained circumstances as to the discrepancy between the license plate number on the car involved in the accident—BYS7996—and that on the car reported stolen—BZR5286—Dollar failed to sustain its initial burden or, at the very least, plaintiff has succeeded in raising an issue of fact as to permissive use of the vehicle bearing license BYS7996.[3] We so conclude, notwithstanding that Dollar may have established that the vehicle rented to Reginald Grant bearing license plate BZR5286 had been reported stolen. In order to show entitlement to summary judgment, it was incumbent upon Dollar to resolve the discrepancy as to the identity of the vehicle involved in the accident. If Dollar believes that the two vehicles are the same, a position it never asserted, it should say so and be prepared to demonstrate its proof of that fact. It hardly needs repeating that under Vehicle and Traffic Law § 388 (1) "proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission, express or implied . . . and . . . this presumption continues until there is substantial evidence to the contrary" (*Leotta v Plessinger*, 8 NY2d 449, 461 [1960]). Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.

---

**3.** There is also a discrepancy between the VIN number on the vehicle reported stolen—2B3HD46R6XH796393 or 2B38D46R6XH796393—and that on the vehicle bearing the license plate number BYS7996—2B3HD46R8XH796394.