■ JENNIFER L. CHAPPELEAR, Appellant, v DOLLAR RENT-A-CAR SYSTEMS, INC., Respondent, et al., Defendants. [823 NYS2d 50]—

Order (denominated a judgment), Supreme Court, Bronx County (Betty Owen Stinson, J.), entered August 9, 2005, which granted defendant Dollar Rent-A-Car's motion for a trial order of dismissal of the complaint against it, unanimously affirmed, without costs.

Plaintiff was injured when the taxi in which she was riding was struck in the rear by a vehicle owned by Dollar and operated by defendant Gilchrist. Dollar's dismissal motion was on the ground that Gilchrist did not have its consent, express or implied, to operate the vehicle. Plaintiff argues that issues of fact precluded summary disposition of the case against Dollar, and that dismissal conflicted with our prior decision in this case (5 AD3d 187 [2004]).

Dismissal of the complaint against Dollar did not violate the law of the case doctrine, since it was not based on the same evidence underlying this Court's prior order denying summary judgment (see Brownrigg v New York City Hous. Auth., 29 AD3d 721 [2006]). The uncontroverted evidence adduced at trial established that the vehicle involved in this accident was reported stolen six days earlier, after the individual who rented it, Reginald Grant, had failed to return it. The evidence also demonstrates that Gilchrist, who was arrested at the scene of the accident for unauthorized use of a vehicle, had obtained the vehicle from Grant. Finally, the VIN number on the incident report filed by Dollar after Grant failed to return the vehicle matched the VIN number of the vehicle impounded by the police after the accident. In the record before us on our prior decision, we noted discrepancies in both the VIN numbers and the

license plate numbers between the vehicle reported stolen and the one involved in the accident. This time, the evidence established that the car operated by Gilchrist at the time of the accident was the same car reported stolen by Dollar, permitting the trial court to address the merits, on Dollar's motion, of the issue of consent to Gilchrist's operation of the vehicle (*see Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Leotta v Plessinger*, 8 NY2d 449, 461 [1960]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.