■ ROBERT C. BEST, Respondent, v 2170 5TH AVENUE CORPORATION, Appellant. [873 NYS2d 631]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about January 4, 2008, which to the extent appealed from as limited by the brief, denied defendant's motion to unseal plaintiff's criminal court file, unanimously reversed, on the law, with costs, and the motion granted.

Where an individual, who has records that would otherwise be kept sealed under Criminal Procedure Law § 160.50, affirmatively places the underlying conduct at issue by bringing a civil suit, the statutory protection afforded by section 160.50 is waived, as the privilege, which is intended to protect the accused, may not be used as "a sword to gain an advantage in a civil action" (*Green v Montgomery*, 95 NY2d 693, 701 [2001] [internal quotation marks and citation omitted]; *see Rodriguez*

*v Ford Motor Co.*, 301 AD2d 372 [2003]). Here, plaintiff waived the protection afforded by the statute by placing into issue the prosecution against him when he commenced this action alleging, inter alia, malicious prosecution based on that criminal proceeding (*see Kalogris v Roberts*, 185 AD2d 335, 336 [1992]; *Wright v Snow*, 175 AD2d 451, 452 [1991], *lv dismissed* 79 NY2d 822 [1991]). Concur—Mazzarelli, J.P., Gonzalez, Sweeny, McGuire and DeGrasse, JJ.