OPINION OF THE COURT
Carol R. Edmead, J.
In this consolidated, multiparty litigation involving the 2008 tower crane collapse at 303 East 51st Street, New York, New York (the construction site), defendant Reliance Construction Ltd., doing business as RCG Group (RCG), moves by order to show cause to compel plaintiff William Rapetti (plaintiff) to provide RCG written consent or authorization to unseal the records and evidence used in his criminal trial, in response to RCG’s discovery demands dated August 27, 2010, and to provide all related documents, videos and data in his possession.
Factual Background
In or about May 2008, plaintiff commenced the instant action for damages resulting from injuries he sustained as a result of the crane collapse accident. Plaintiff alleges that defendants failed to provide or erect safety devices necessary to give him proper protection, and failed to provide adequate slings and chains to secure the steel collar. Plaintiff further alleges that he “did not contribute to the happening of the occurrence complained of by reason of any act or omission on his part” (complaint 1Í 49).
In January 2009, plaintiff was indicted for, inter alia, manslaughter and criminally negligent homicide in connection with his involvement at the construction site as a result of the accident.[1] However, on July 22, 2010, plaintiff was found not guilty on all 20 counts, and his criminal records were automatically sealed pursuant to CPL 160.50 by the Honorable Justice Roger *620 S. Hayes, of the Supreme Court of the State of New York, New York County.[2]
During the course of discovery in this action, RCG sought plaintiffs consent to unseal the records from plaintiffs criminal attorney by service of a demand for same, to no avail.
In support of its order to show cause, RCG argues that under CPLR 3101’s liberal disclosure rule, the evidence contained in plaintiffs criminal records, such as videos, photographs, test results and expert reports, are “material and necessary” to the causation of the crane collapse. For example, plaintiffs engineering expert, Leo Lee (Lee), testified in the criminal trial concerning tests he performed involving four slings attached upon a collar and a tower section. At the criminal trial, plaintiffs defense counsel used the results of Lee’s testing to refute the claims against plaintiff.
RCG argues that although criminal records are sealed upon acquittal, plaintiff waived the sealing privilege upon his commencement of this personal injury action by placing the sealed information in those criminal records at issue, especially since plaintiff seeks to shift liability for an accident onto the defendant. RCG requests such information in order to adequately prepare for plaintiffs upcoming, continued deposition.
Defendant East 51st Street Development Company, LLC (East 51st) adopts and incorporates by reference RCG’s arguments.
In opposition, plaintiff argues that the purpose of CPL 160.50 is to remove any stigma from the accusation of criminal conduct terminated in favor of the accused. There exists no categorical interpretation of “all official records and papers” and plaintiffs entire record should remain sealed. In accordance with CPL 160.50, there is no basis to allow the prior trial proceeding which resulted in an acquittal to be unsealed; nor is there any statutory language which requires plaintiff to consent to an unsealing of a trial record which resulted in his acquittal.
*621 In reply, RCG argues that plaintiff does not dispute that, as a matter of law, he waived the sealing privilege afforded by CPL 160.50 when he commenced this civil action. RCG does not seek “all official records and papers . . . relating to the arrest or prosecution ... on file with . . . any court, police agency, or prosecutor’s office” (CPL 160.50 [c]). Rather, RCG seeks all raw data, photographs, videos, animations, calculations, and/or graphs associated with the testing performed and/or relied upon by the experts in the criminal trial, including the testing performed by the Occupational Safety and Health Administration (OSHA) and relied upon by the New York City Department of Buildings (DOB) in the preparation of its investigative report (the requested items). The DOB hired an engineering and investigation firm, Ove Arup & Partners, PC. (Ove Arup), which “witness[ed] sling tests specified by OSHA, [reviewed] raw data from those tests, and [reviewed] OSHA related correspondences.” Ove Arup prepared an investigative report containing conclusions reached concerning the incident, which is in the possession of the parties. However, the investigative report does not contain the raw data, testing results, calculations, and/or video animations upon which Ove Arup’s conclusions are based. It is believed that both the prosecution and the criminal defense’s experts were provided with such raw data, calculations, and/or video animations, and that such items were admitted into evidence. However, RCG was never given the opportunity to observe the sling tests performed, to review the raw data from those tests, or to review any OSHA-related correspondence. RCG argues that the requested items are crucial in ascertaining the methodologies and testing configurations employed by OSHA, the DOB, and the criminal defense’s expert in arriving at their conclusions, and are material and necessary to RCG’s defense in this action. Also, the requested items may assist defendants in avoiding any duplicative, expensive, and possibly unnecessary testing.
RCG contends that it has exhausted every available avenue in its efforts to obtain the requested items, by contacting the prosecution and defense and making FOIL requests to OSHA, to no avail. Given that the testing performed by plaintiffs criminal defense expert, as well as the testing performed by OSHA, played its part in plaintiffs ultimate acquittal, all reports, data, *622 videos, photographs, and animation associated with that testing, should be disclosed.[3]
Discussion
The court is vested with broad discretion when supervising disclosure in order to facilitate the resolution of cases (see Alveranga-Duran v New Whitehall Apts., L.L.C., 40 AD3d 287 [1st Dept 2007], citing SKR Design Group, Inc. v Avidon, 32 AD3d 697, 699 [1st Dept 2006]). However, such discretion is restricted by boundaries defined in the CPLR and case law. Article 31 of the CPLR permits liberal discovery of all matters that are material and necessary to the prosecution or defense of an action (NCP v City of New York, 16 Misc 3d 1102[A], 2007 NY Slip Op 51233[U] [Sup Ct, NY County 2007]). Specifically, CPLR 3101 (a) entitles parties to “full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” What is “material and necessary” is left to the sound discretion of the lower courts and includes “any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason” (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]). And, the court may, in the exercise of its discretion, compel parties to produce discovery the court deems material and necessary (CPLR 3124 [“If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response”]).
The records sought by RCG and East 51st are material and necessary to the defense of plaintiffs negligence action. According to the submissions, the records admitted into evidence during the criminal trial against plaintiff consisted of, inter alia, “videos and photographs taken of the testing arrangement, the equipment used for testing, the manner in which the slings were set up, the angles at which the slings were choked around the tower section legs, and the simulated sling pull tests.” (RCG reply 1i 7.) Lee testified that he performed sling tests and a simulation of the collar installation utilizing tower sections and collars from the crane (id. 1t 8). Further, a video of such testing was shown in the criminal trial. (Id.) Such records are directly *623 related to the contributory negligence claims asserted by RCG and East 51st and the defense of plaintiffs case.
Plaintiffs reliance on CPL 160.50 to shield such information from disclosure is unavailing. It is uncontested that CPL 160.50 requires, in substance, that “upon termination of a criminal action or proceeding in favor of an accused, a court of criminal jurisdiction shall enter an order directing that all official records and papers relating to the arrest or prosecution of the terminated case be sealed” (David v Rogers, 63 AD2d 908 [1st Dept 1978]).
“CPL 160.50 was enacted in 1976 in the same reform legislation that added a provision to the Human Rights Law (now Executive Law § 296 [16]) making it an unlawful discriminatory practice for an employer, in connection with the employment of an individual, to inquire about or act adversely on any prior criminal accusation which had terminated in the employee’s favor” (Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 131 [1993]).
“The purpose in adding these provisions to the Criminal Procedure Law and the Human Rights Law was to ensure that the protections provided to exonerated accuseds be ‘consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law’ ” (id., quoting Governor’s Approval Mem, 1976 McKinney’s Session Laws of NY, at 2451).
“[T]he legislative objective was to remove any ‘stigma’ flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection (i.e., the presumption of innocence) to such accused in the pursuit of employment, education, professional licensing and insurance opportunities” (id. at 131-132).
However, “[privileges, while important in the law, are not absolute. Indeed, most rights and privileges are waivable, even such constitutional rights as the right to a jury trial, the right to appeal and the right against self-incrimination” (Green v Montgomery, 95 NY2d 693, 699-700 [2001]). As such, it has been held that where
“an individual, who has records that would otherwise be kept sealed under Criminal Procedure Law § 160.50, affirmatively places the underlying conduct *624 at issue by bringing a civil suit, the statutory protection afforded by section 160.50 is waived, as the privilege, which is intended to protect the accused, may not be used as ‘a sword to gain an advantage in a civil action’ ” (Best v 2170 5th Ave. Corp., 60 AD3d 405, 405 [1st Dept 2009]; Green v Montgomery, 95 NY2d 693, 701 [2001]; Rodriguez v Ford Motor Co., 301 AD2d 372 [1st Dept 2003] [holding that “by denying that intoxication caused the (defendant) driver to lose control of the car, and, by way of cross claim, seeking to put the blame for the accident on the (codefendant) car manufacturer,” the codefendants driver and owners have “affirmatively put the circumstances surrounding the driver’s arrest and indictment in issue, and thus waived the protection afforded by CPL 160.50”], citing Lundell v Ford Motor Co., 120 AD2d 575 [1986]).
At issue in the criminal trial was, inter alia, plaintiffs alleged role in causing the crane collapse, and evidence was admitted directly related to this issue. In this instant civil proceeding, plaintiff alleges that defendants failed to provide or erect safety devices necessary to give him proper protection, and failed to provide adequate slings and chains to secure the steel collar. Evidence of plaintiffs claims admitted in the criminal trial is highly probative on this issue. Consequently, by placing at issue herein the cause of the crane collapse, and what if any role plaintiff played in causing the accident, plaintiff waived the protection afforded by CPL 160.50.
Further, there is no basis to limit the scope of the criminal trial record to a select category of documents, as plaintiff’s (defense) counsel proposes.
RCG’s instant application does not constitute a reargument or renewal,[4] or res judicata or collateral estoppel[5] of the Corporation Counsel’s previous request to unseal portions of the crimi *625 nal records (see transcript of criminal trial, dated Nov. 12, 2010, at 2-3). In the prior unsealing proceeding before Justice Hayes, the Corporation Counsel on behalf of the Department of Buildings sought to unseal the Department of Buildings’ own materials that were created by the Department of Buildings for potential prosecution of statutory violations against plaintiff.
And, although upon his acquittal of all charges, plaintiff believed that his criminal case would be “behind him,” he lost the privilege of protecting the criminal record when he assumed the posture of plaintiff in this civil action.
Further, even if plaintiff were to discontinue his action, such circumstance would not change the result (Rodriguez v Ford Motor Co., 301 AD2d 372 [1st Dept 2003] [“Appellants’ (codefendants’) announcement in their brief that they have ‘discontinued’ their cross claim against the manufacturer does not change the result” that appellants waived the privilege under CPL 160.50 by affirmatively placing the blame of the subject car accident upon the codefendant car manufacturer]).
Conclusion
Based on the foregoing, it is hereby ordered that the order to show cause by Reliance Construction Ltd., doing business as RCG Group, and adopted by East 51st Street Development Company, LLC, to compel plaintiff William Rapetti to provide RCG written consent or authorization to unseal the records and evidence used at his criminal trial, is granted; and it is further ordered that William Rapetti shall execute an authorization or other necessary documentation to facilitate the unsealing of his criminal trial records within 24 hours, so as to provide Reliance Construction Ltd., doing business as RCG Group, and East 51st Street Development Company, LLC with such records.

. By order of Justice Karen Smith, dated March 5, 2009, the instant action was stayed and plaintiffs obligation, “in his individual capacity, to produce documents in response to discovery demands in this consolidation action, and to appear for a deposition, both in his individual capacity and as principal for Rapetti Rigging, [was] stayed until further order of the court.” (Order at 6.) Subsequent to plaintiffs acquittal, the stay on discovery was lifted.

. CPL 160.50 provides, in relevant part:
“1. Upon the termination of a criminal action or proceeding against a person in favor of such person, . . . the record of such action or proceeding shall be sealed . . . Upon receipt of notification of such termination and sealing: . . .
“(c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, . . . shall be sealed and not made available to any person or public or private agency; . . . .”

. East 51st adopts and incorporates by reference RCG’s arguments in reply.

. Pursuant to CPLR 2221
“(a) A motion for leave to renew or to reargue a prior motion, . . . shall be made, on notice, to the judge who signed the order, [and]
“(e) . . .2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination.”

. Res judicata and collateral estoppel are related doctrines that are designed to limit or preclude relitigation of matters that have already been determined (Fusco v Kraumlap Realty Corp., 1 AD3d 189 [1st Dept 2003], cit *625 ing People v Evans, 94 NY2d 499, 502 [2000]). Res judicata generally precludes relitigation of claims, while collateral estoppel precludes relitigation of issues (id.).