■ ALIDA RODRIGUEZ, Appellant, v FORD MOTOR COMPANY et al., Respondents. [965 NYS2d 451]—

Judgments, Supreme Court, Bronx County (Faviola A. Soto, J.), entered January 24, 2012 and February 9, 2012, after a trial, respectively dismissing the complaint against defendant Ford Motor Company and defendant Betty F. Gerendasy, as the administratrix of the Estate of Peter Nyiri, and individually, and bringing up for review an order, same court and Justice, entered September 16, 2011, which denied plaintiff's motion to renew her motion for spoliation sanctions against Ford, with costs to Ford, unanimously affirmed, without costs.

Plaintiff seeks damages for personal injuries she sustained when she was hit by a Ford vehicle owned by Betty F. Gerendasy and driven by Peter Nyiri. On a prior appeal, this Court reversed a grant of summary judgment to Ford, on the ground that plaintiff, who based her products liability claim against Ford on circumstantial evidence, had presented evidence that Nyiri was neither intoxicated nor negligent. We found that "Nyiri's deposition testimony that he had only had one glass of wine in an hour and a half and was not intoxicated, that the car accelerated when he put it in reverse without stepping on the gas, and that the steering wheel froze and the brakes did not work" could lead a jury to conclude that the vehicle did not perform as intended and that all other causes of the accident not attributable to Ford had been excluded (*Rodriguez v Ford Motor Co.*, 62 AD3d 573, 574 [2009]). At trial, plaintiff presented additional evidence, including the results of a blood alcohol content (BAC) test and the testimony of a toxicologist that Nyiri's BAC at the time of the accident was .08-.09, which the expert opined would have rendered him impaired, and that his claim to have consumed one glass of wine would not account

for his BAC level. Given the new evidence, the "law of the case" doctrine did not preclude a directed verdict in Ford's favor (*see Chappelear v Dollar Rent-A-Car Sys., Inc.*, 33 AD3d 513 [1st Dept 2006]; *Smith v Metropolitan Transp. Auth.*, 226 AD2d 168 [1st Dept 1996], *lv denied* 89 NY2d 803 [1996], *cert denied* 520 US 1186 [1997]). Plaintiff's failure to exclude all other causes for the vehicle's failure not attributable to Ford compels the dismissal of the product liability claim (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). As her own expert opined that Nyiri's BAC level at the time of the accident would have impaired his driving ability, plaintiff failed to exclude Nyiri's negligence as a cause of the vehicle's failure not attributable to Ford.

Consistent with our decision in another prior appeal in this case (*Rodriguez v Ford Motor Co.*, 301 AD2d 372 [2003]), the trial court properly admitted evidence of Nyiri's arrest at the scene. It was inherently unfair, and therefore improper, to exclude the corresponding evidence that the charges against him were dismissed, but in light of plaintiff's failure to make her prima facie case the error was harmless.

The court properly excluded the results of a BAC test performed almost one year after the initial test and expert testimony as to the results, because no proper foundation was laid therefor (*see Amaro v City of New York*, 40 NY2d 30, 35 [1976]; *Westchester Med. Ctr. v State Farm Mut. Auto. Ins. Co.*, 44 AD3d 750, 753 [2d Dept 2007]).

The court properly precluded plaintiff's accident reconstruction expert from testifying about tire marks at the scene because such testimony had not previously been disclosed (*see* CPLR 3101 [d]).

The court properly excluded documents concerning, inter alia, Ford's investigation into claims of sudden acceleration, since they neither support nor add to plaintiff's theory of the case.

Plaintiff failed to oppose Nyiri and Gerendasy's motion for a directed verdict, thereby failing to preserve for appeal her objection to the court's grant of the motion.

Plaintiff's submission in support of her motion to renew her motion for spoliation sanctions against Ford neither offers new facts that would change the prior determination nor demonstrates that there has been a change in the law that would change the prior determination (*see* CPLR 2221 [e] [2]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.