◼ TAMARA HOLMES, Appellant, v BRONX-LEBANON HOSPITAL CENTER, Respondent. [11 NYS3d 114]—

Judgment, Supreme Court, Bronx County (Edgar Walker, J.), entered January 14, 2014, dismissing the complaint, unanimously affirmed, without costs.

At trial, plaintiff failed to establish that defendant (Bronx-Lebanon) deviated or departed from accepted practice and that that departure was a proximate cause of her injury (*see Foster-Sturrup v Long*, 95 AD3d 726 [1st Dept 2012]). Liability was not established by plaintiff's expert's conclusory assertion that the appropriate diagnostic testing, if performed by Bronx-Lebanon during a January 6, 2008 emergency room visit, would have revealed "inflammation and swelling around the cecum and appendix," prompted an emergency appendectomy, and obviated the need for plaintiff to undergo more extensive surgery later (*see e.g. Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357, 357-358 [1st Dept 2006]). The expert failed to identify the evidentiary basis for his conclusion that diagnostic testing on January 6 would have revealed inflammation. To the contrary, based upon an operative report of the surgery performed at another hospital on January 8, the expert opined that the inflammatory process in plaintiff's abdomen would have existed for, at most, 36 hours before that surgery. That is, the inflammatory process would not have begun until well after plaintiff had been discharged from Bronx-Lebanon. In addition, the expert failed to explain how the failure to perform an appendectomy could have caused or contributed to the cecal perforation with which plaintiff was later diagnosed.

The court's finding on defendant's motion for summary judgment that plaintiff made out her prima facie case does not preclude dismissal of the complaint after the presentation of plaintiff's case at trial (*see e.g. Rodriguez v Ford Motor Co.*, 106 AD3d 525 [1st Dept 2013]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.