Onilude v City of New York (2024 NY Slip Op 01893)

Onilude v City of New York

2024 NY Slip Op 01893

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 309622/09 Appeal No. 1695-1695A Case No. 2023-01888 

[*1]Tokunbo Onilude, Appellant,
v
The City of New York et al., Respondents.

Sivin, Miller & Roche LLP, New York (Edward Sivin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Martin K. Rowe III of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about March 30, 2023, awarding defendants costs and disbursements, and bringing up for review an order, same court and Justice, entered on or about August 19, 2022, which, after a jury trial, insofar as appealed from as limited by the briefs, granted defendants' motion to set aside the verdict, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
We reject the contention that the doctrine of law of the case barred Supreme Court from entering judgment for defendants as a matter of law. Defendants' new motion was based on different evidence from the evidence underlying the prior order —namely, the testimony of an eyewitness to the events that led to plaintiff's arrest (see e.g. Rodriguez v Ford Motor Co., 106 AD3d 525, 526 [1st Dept 2013]; cf. Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2d Dept 2006]). As we held in an earlier appeal, the eyewitness, whose testimony was never sought during discovery and had been improvidently excluded from the first trial, "offered highly relevant and non-cumulative trial testimony" by giving a first-hand account of the incident and testifying about her statements to police (Onilude v City of New York, 178 AD3d 499, 499-500 [1st Dept 2019]). In any event, this Court is not bound by Supreme Court's prior orders regarding probable cause to arrest but may make its own determination of the issue (see Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 718 [2d Dept 2012]; cf. Martin v City of Cohoes, 37 NY2d 162, 165 [1975]).
Supreme Court properly directed judgment in favor of defendants based on the trial evidence (see CPLR 4404[a]). Specifically, consistent testimony of the eyewitness and police officers, supported by documentary evidence, established that the eyewitness identified plaintiff by his race, sex, clothing, and precise location. Additionally, a police officer and plaintiff testified that no one else in the vicinity matched the description. This established probable cause for the initial arrest (see People v Coleman, 77 AD3d 591, 591-592 [1st Dept 2010], lv denied 16 NY3d 829 [2011]; People v Young, 277 AD2d 176 [1st Dept 2000], lv dismissed 96 NY2d 789 [2001]). Probable cause for the subsequent detention of plaintiff was established by the eyewitness' specific identification of plaintiff from a photograph (see Jones v City of New York, 206 AD3d 635, 638-639 [2d Dept 2022], lv denied and dismissed 39 NY3d 970 [2022]). The evidence at trial therefore provided a complete defense to the cause of action for false arrest (see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Roberts v City of New York, 171 AD3d 139, 146 [1st Dept 2019], affd 34 NY3d 991 [2019]).
Contrary to plaintiff's position, other evidence presented at trial does not compel a result in his favor. Plaintiff points specifically to two pieces of evidence: first[*2], testimony from another neighbor recounting his statement to the investigating detective that the assailants did not live in the neighborhood; second, to "discrepancies" between the eyewitness' testimony that she saw one man on the street, and the detective's secondhand notes that she told the arresting officers that she saw two men. This evidence, however, does not present "materially impeaching circumstances" that the jury could reasonably interpret as discrediting the trial testimony by the eyewitness (Jones, 206 AD3d at 639; see Roberts, 171 AD3d at 146-148).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 9, 2024