| **Savas v 557 8th Ave. Corp.** |
|:---:|
| 2024 NY Slip Op 33651(U) |
| October 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160619/2017 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

**PRESENT:** **HON. FRANCIS A. KAHN, III**

*Justice*

**PART** **32**

-----------------------------------------------------------------------X

KATHLEEN SAVAS, ANDREW SAVAS,

Plaintiff,

- v -

557 8TH AVE. CORP., ABRAHAM NIR, ST. MARKS 2
BROS PIZZA, INC.,2BP1 LLC,

Defendant.

-----------------------------------------------------------------------X

557 8TH AVE. CORP., ABRAHAM NIR

Plaintiff,

-against-

FOUR BOROUGH CONSTRUCTION CORP.

Defendant.

-----------------------------------------------------------------------X

**INDEX NO.** 160619/2017

**MOTION DATE**

**MOTION SEQ. NO.** 007 008

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 596067/2019

The following e-filed documents, listed by NYSCEF document number (Motion 007) 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 174, 175, 203, 204, 205, 206, 207, 208, 209, 210, 219

were read on this motion to/for _____ DISMISS _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 211, 212, 213, 214, 215, 216, 217, 218, 220, 221

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents, the motion is determined as follows:

Plaintiff commenced this action to recover for injuries allegedly sustained on April 16, 2017, at approximately 1:00 am, when she tripped and fell on a sidewalk adjacent to property located at 557 8th Avenue, New York, New York. Plaintiff claims she was caused to fall by a depression created by an expansion joint between two concrete flags. At that time, the property was owned by Defendants 557 8th Ave. Corp. and Abraham Nir ("Owners") which it leased to Defendant 2BP1 LLC ("Lessee"). Owners contracted with Third-Party Defendant Four Borough Construction Corp. ("Four Borough") to perform a comprehensive replacement of the sidewalk in 2015. In the complaint, Plaintiff pled causes of action based in common-law negligence against, among others, Owners and Lessee. Owner Defendants answered and pled a crossclaim against all the other Defendants for common-law indemnification and contribution. Defendant Lessee answered and pled crossclaims against all the other Defendants for

160619/2017 SAVAS, KATHLEEN vs. 557 8TH AVE. CORP.
Motion No. 007 008

Page 1 of 4

common-law indemnification and contribution, contractual indemnification and for breach of contract for failure to obtain insurance. Thereafter, Owner Defendants commenced a third-party action against Four Borough for common-law indemnification and contribution, contractual indemnification and for breach of contract for failure to obtain insurance. Four Borough answered and pled counterclaims against all the Defendants for common-law indemnification and contribution.

By order of this Court dated February 6, 2023, Four Borough's motion for summary judgment was granted to the extent that all claims in the third-party complaint were dismissed except the claim by Defendant 557 8th Ave Corp. for breach of contract for failure to procure insurance. In its decision, which was opposed by Owner and Lessee, but not Plaintiff, the Court found Four Borough did not create a defective condition when it constructed the sidewalk. Amongst the evidence reviewed was an affidavit of Four Borough's owner and documents related to the work performed, including the contract, construction plans, permits and progress photographs. Included in the documents "was a letter from the New York City Department of Transportation to Owners indicating that a 'SIDEWALK DISMISSAL INSPECTION' was conducted on March 18, 2016, and stated that '[t]he inspection found that the sidewalk repairs are satisfactory and within the NYC Department of Transportation's standards and guidelines' and that '[a]ny sidewalk violation issued on or prior to this inspection will be removed from the County Clerk's records'". Owner and Lessee Defendants submitted only an attorney affirmation in opposition which failed to demonstrate how Four Borough acted negligently.

Now, Defendant Lessee moves (Mot Seq No 7) for summary judgment dismissing Plaintiff's complaint. Plaintiff opposes the motion. Defendant Owners also move (Mot Seq No 8) for summary judgment dismissing Plaintiff's complaint and against Defendant Lessee on its claim for contractual indemnification. Plaintiff opposes the motion and Defendant Lessee submits partial opposes the motion. A party moving for summary judgment must establish, in the first instance, entitlement to judgment as a matter of law by tendering sufficient evidence in evidentiary form which eliminates any material issues of fact (*see Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Failure to make a *prima facie* case requires denial of the motion regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hospital*, supra at 324; *see also Smalls v AJI Industries, Inc.*, 10 NY3d 733, 735 [2008]). If the movant meets its requirement, the burden shifts to the opposing party to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, *supra*; *Zuckerman v City of New York*, *supra*).

Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of such premises (*see eg Misa v Town of Brookhaven*, 212 AD3d 804, 806 [2d Dept 2023]; *see also Basso v Miller*, 40 NY2d 233 [1976]). "Thus, '[a] property owner is subject to liability for a defective condition on its premises if a plaintiff demonstrates that the owner either created the alleged defect or had actual or constructive notice of it'" (*Doherty v 730 Fifth Upper, LLC*, 227 AD3d 606, 607 [1st Dept 2024], *quoting Singh v United Cerebral Palsy of N.Y. City, Inc.*, 72 AD3d 272, 275 [1st Dept 2010]). To sustain its burden on a motion to dismiss a property owner is required to demonstrate, as a matter of law, that one or more of these essential elements are negated as a matter of law (*see eg Rodriguez v Kwik Realty, LLC*, 216 A.D.3d 477 [1st Dept 2023]; *Poon v Nisanov*, 162 AD3d 804 [2d Dept 2018]). A *prima facie* case for dismissal may also be established with proof that the alleged defective condition "is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 79 [2015]).

[* 2]

In support of both Defendants' motions the sole argument posited is that the defect at issue was trivial and not actionable as a matter of law. "In determining whether a defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstances of the injury" (*see Acevedo v City of Yonkers*, 185 AD3d 762 [2d Dept 2020]; *see also Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *McCabe v Avalon Bay Communities, Inc.*, 177 AD3d 487 [1st Dept 2019]). When evaluating a defect, there is "no minimal dimension test" or per se rule that a defect must be of a certain minimum height or depth to be actionable (*see Trincere v County of Suffolk, supra; Powell v Centers FC Realty, LLC*, 182 AD3d 495 [1st Dept 2020]). As such, a defendant must "establish prima facie that the defect was insignificant and that neither its characteristics nor the surrounding circumstances increased the risks it posed" (*Williams v Beth Israel Hosp. Assn.*, 201 AD3d 429, 431 [1st Dept 2022]).

Here, Movants relied on, *inter alia*, deposition testimony, photographs identified at those examinations as well as an affidavit from Michael Cronin ("Cronin"), a professional engineer. To the extent the moving Defendants may be asserting that this Court's earlier decision dismissing the common-law indemnification claims against Four Borough is determinative on these motions, that argument is misplaced. Although not expressly stated, such an assertion is ostensibly based in the doctrine of law of the case. Dismissal of the third-party complaint against Four Borough does not conclusively resolve the issues raised herein since these motions are not based on the same evidence underlying this Court's prior order denying summary judgment (*see Onilude v City of New York*, 226 AD3d 457, 458 [1st Dept 2024]; *Rodriguez v Ford Motor Co.*, 106 AD3d 525, 526 [1st Dept 2013]; *Chappelear v Dollar Rent-A-Car Sys., Inc.*, 33 AD3d 513 [1st Dept 2006]). Multiple new pieces of evidence were produced by the parties, including post-accident photographs of the subject condition, expert reports, and party affidavits. In any event, law of the case is directed to a court's discretion and does not, in fact, restrict such court's authority to revisit an issue particularly where there is new evidence proffered (*see Cohen v Crown Point Cent. Sch. Dist.*, 306 AD2d 732, 734, fn 1 [2d Dept 2003]; *see also Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2d Dept 2006]).

In support of their motions, Defendants produced evidence that the expansion joint was less than one inch wide and that the height differential between the two flags on either side of the joint was one-quarter of an inch. Such proof establishes *prima facie* was "trivial" and nonactionable (*see Fayolle v East W. Manhattan Portfolio L.P.*, 108 AD3d 476 [1st Dept 2013]; *see also McCullough v Riverbay Corp.*, 150 AD3d 624 [1st Dept 2017]; *Cambio v City of New York*, 118 AD3d 577 [1st Dept 2014]). Further, Plaintiff's acknowledgement at her deposition that the area was near a street lamp and well-lit supported that surrounding circumstances did not increase any risks the expansion joint posed during night hours (*see eg Riley v City of New York*, 50 AD3d 344 [1st Dept 2008]).

In opposition, Plaintiff's assertion that the deposition transcripts are inadmissible and her reliance on CPLR §3116[a] are inapposite. The transcripts were admissible as Plaintiff failed to challenge the accuracy of same (*see eg Willis v Galileo Cortlandt, LLC*, 106 AD3d 730, 731 [2d Dept 2013]; *see also Luna v CEC Entertainment, Inc.*, 159 AD3d 445, 446 [1st Dept 2018]). Also, concerning Plaintiff's deposition, "[a]n unsigned but certified deposition transcript of a party can be used by the opposing party as an admission in support of a summary judgment motion" (*Morchik v Trinity Sch.*, 257 AD2d 534, 536 [1st Dept 1995]). The argument concerning an absence of proof from the Defendants showing when the area was last inspected is a red herring as lack of notice was not raised by Defendants in support of the motion.

[* 3]

Neverthelss, Plaintiff proffered the affidavit of her expert professional engineer, Harold Krongelb ("Krongelb"), and the documents annexed thereto, who opined that the expansion joint between the sidewalk flags was recessed a one-half of an inch below the surface, not one-quarter as stated by Cronin. Krongelb posited this discrepancy stemmed from Cronin not accounting for the downward slope on the edges of the adjacent sidewalk flags. More importantly, Krongelb opined that the expansion joint should have been filled in with "sealer" and flush with the surface as required by New York City Department of Transportation Highway Rule §2-09[f][4][v]. This proof raised an issue of fact as to whether the condition at issue was actionable as a matter of law (*see Marks v 79th St. Tenants Corp.*, 191 AD3d 436 [1st Dept 2021]; *D'Amico v Archdiocese of N.Y.*, 95 AD3d 601 [1st Dept 2012]; *Herrera v City of New York*, 262 AD2d 120 [1st Dept 1999]).

Defendant's argument that Krongelb's report is inadmissible because Plaintiff failed to comply with CPLR §3101[d] is misplaced. CPLR § 3212 [b] explicitly states that "[w]here an expert affidavit is submitted in support of or in opposition to, a motion for summary judgment, the court shall not decline to consider the affidavit because an expert exchange pursuant to subparagraph (i) of paragraph (1) of subdivision (d) of section 3101 was not furnished prior to the submission of the affidavit".

Accordingly, it is

ORDERED that the motions by Defendants 557 8th Ave. Corp. and Abraham Nir (Mot Seq No 8) as well as Defendant 2BP1 LLC (Mot Seq No 7) are denied.

| 10/15/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | FRANCIS A. KAHN, III, A.J.S.C. | |
| | | | HON. FRANCIS A. KAHN III | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | J.S.C. |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |