■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO MONTALVO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered October 31, 1989, convicting him of burglary in the third degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the

denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the denial, after a hearing, of that branch of his omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

On October 14, 1988, at approximately 4:00 A.M., the defendant and his codefendant were caught by the police hiding in a grocery store. After he was arrested and received his *Miranda* warnings, the defendant told the police that a man who claimed to be the store owner had earlier approached him and his codefendant in Van Cortlandt Park in the Bronx and offered them each $2,000 if they would retrieve the store's safe. The defendant told the police that he believed that the man who had approached him was the store owner, and, therefore, that he believed he had permission to enter the store. At the trial, the store's true owner, who did not fit the description given by the defendant, testified that he had not given the defendant permission to be in the store.

It was proper for the Hearing Judge to deny summarily that branch of the defendant's motion which was to suppress physical evidence recovered from him upon his arrest (CPL 710.60 [1]). The moving papers failed to set forth the necessary allegations of fact in support of the motion *(see,* CPL 710.60 [3] [b]; *People v Reynolds,* 71 NY2d 552, 558). Additionally, the court properly denied that branch of the defendant's motion which was to suppress his statements to the police. The record before the Hearing Judge shows that the defendant was given his *Miranda* warnings, and there is no indication that his statements were in any way involuntary *(see, People v Riley,* 70 NY2d 523, 532).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. "In a burglary case, the element of intent to commit a crime within a building entered unlawfully must normally be proved by circumstantial evidence since it is rare that a perpetrator will openly declare his intent to commit a crime" *(People v Caraballo,* 138 AD2d 725, 726). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.