■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZ JAVOIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered October 26, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court's *Sandoval* ruling constituted an improvident exercise of discretion. It is well settled that the prosecution may inquire as to the underlying facts of a youthful offender adjudication to impeach the defendant's credibility, so long as the ultimate disposition is not elicited *(see, People v Greer,* 42 NY2d 170, 176; *People v Kyser,* 147 AD2d 590). Here, the facts underlying the defendant's youthful offender adjudication demonstrated his willingness to place his own interests ahead of those of society, thus directly pertaining to the issue of credibility. Furthermore, the court's decision to permit the prosecutor to elicit that the defendant had a prior felony conviction, without the jury being apprised that the conviction was for a crime similar to that charged herein, avoided any undue prejudice to the defendant *(see, People v Ricks,* 135 AD2d 844, 845). Thus we find no reason to disturb the determination of the hearing court *(see, People v Williams,* 56 NY2d 236).

We find that the Supreme Court's summary denial of the branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant without first holding a *Mapp* hearing was proper since his motion papers failed to set forth factual allegations sufficient to warrant that a hearing be conducted *(see,* CPL 710.60; *People v Reynolds,* 71 NY2d 552; *People v Montalvo,* 182 AD2d 779; *People v Pavesi,* 144 AD2d 392).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641), or devoid of merit *(see, People v Rivera,* 71 NY2d 705, 708-709; *People v Contes,* 60 NY2d 620; *People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.