THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN FOOTMAN, Appellant. [650 NYS2d 572] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered May 12, 1994, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in issuing a *Sandoval* ruling permitting the prosecution to cross-examine the defendant, should he choose to testify, with respect to the underlying facts of his prior youthful offender adjudication, which involved an offense similar in nature to the present offense. Questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crime charged (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282; *People v Bashar,* 204 AD2d 1023, 1024; *People v Miller,* 199 AD2d 422, 423). As this Court has previously stated, "that the defendant may specialize in one area of criminal activity will not automatically shield him from cross-examination as to those convictions" (*People v Adams,* 174 AD2d 626, 627, citing *People v Rahman,* 46 NY2d 882).

The defendant's contention that the evidence was insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.