■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCEN MILLER, Appellant. [739 NYS2d 836] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 14, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL REDDICK, Appellant. [739 NYS2d 836] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered May 20, 1998, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in ruling that the prosecution could inquire into the facts underlying a charge for criminal possession of a weapon in the third degree, which resulted in the defendant's adjudication as a youthful offender, if the defendant testified. "It is well settled that the prosecution may inquire as to the underlying facts of a youthful offender adjudication to impeach the defendant's credibility, so long as the ultimate disposition is not elicited" (People v Javois, 188 AD2d 664; see also People v Gray, 84 NY2d 709; People v Greer, 42 NY2d 170, 176).

The defendant also contends that the Supreme Court improperly denied his motion to set aside the verdict based on newly discovered evidence, pursuant to CPL 330.30 (3). The motion was addressed to the sound discretion of the court, and we find that it providently exercised its discretion (see People v Miller, 124 AD2d 830, 832, cert denied 481 US 1071).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.