In the Matter of SUSAN BARNETT et al., Appellants, v DAVID M.W., Respondent. [802 NYS2d 711]—

In a proceeding pursuant to Criminal Procedure Law § 720.35 (2) to unseal official records relating to a case involving a youth who was adjudicated a youthful offender, the petitioners appeal from a judgment of the County Court, Orange County (Rosenwasser, J.), dated January 6, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the County Court, Orange County, to unseal or to direct the New York State Police to unseal the results of the respondent's breathalyzer and blood alcohol tests contained in the official records relating to the respondent's adjudication as a youthful offender and to provide copies of those test results to the petitioners.

The petitioners are plaintiffs in a personal injury action against the respondent and Mid-Valley Oil Company, Inc., doing business as Xtra Mart (Mid-Valley) (hereinafter Xtra Mart), stemming from a September 17, 2001, single-car accident in the Town of Wallkill. The respondent was the owner and operator of the vehicle in which the petitioner Ashley Teller and the decedent, Peter Barnett, Jr., were passengers. Shortly before the accident, the respondent, who at the time was 18 years old, consumed several alcoholic beverages he had purchased that afternoon from Xtra Mart. The complaint in the underlying action asserted that the respondent was negligent in the operation of the vehicle, and also seeks to recover damages against Xtra Mart under the Dram Shop Act (General Obligations Law §§ 11-100, 11-101).

At his deposition in the underlying action, the respondent testified, inter alia, that a breathalyzer test was administered to him at the scene of the accident, and that he was later told by the police that the result was ".09." He also testified that he was later taken to the police station where a blood alcohol test was administered, the result of which he was later told was "[p]oint one one." The respondent also testified that three or four weeks after the accident, he was given a ticket for driving while intoxicated, and that he subsequently pleaded guilty to vehicular assault and was adjudicated a youthful offender.

Based on the foregoing testimony, the petitioners contend that the respondent expressly waived any privilege he might otherwise have under CPL 720.35 to maintain the confidentiality of his breathalyzer and blood test results. We agree.

As a general proposition, the privilege created by CPL 720.35 attaches not only to the physical documents constituting the official record of the respondent's adjudication as a youthful offender, but also to the information contained within those documents (see State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 35 [1997]). At the same time, however, not all of the information contained within the protected records is necessarily privileged. It is clear, for instance, that the respondent could not have refused, on grounds of confidentiality, to answer questions about the *facts* underlying the September 17, 2001, accident, even though those facts also form the basis of his youthful offender adjudication (cf. People v Reddick, 293 AD2d 554 [2002]; People v Footman, 233 AD2d 405 [1996]).

On the other hand, the respondent could have refused, on grounds of confidentiality, to answer questions relating specifically to the *charges* filed against him, whether he pleaded guilty to any of those charges, or whether he was adjudicated a youth-

ful offender (see State Farm Fire & Cas. Co. v Bongiorno, supra). Similarly, the respondent could have refused to answer questions regarding the results of his breathalyzer and blood alcohol tests, which were administered by law enforcement officials as an integral part of the proceeding that resulted in his adjudication as a youthful offender, and which thereby fell within the category of information protected by CPL 720.35. Nevertheless, inasmuch as the respondent voluntarily disclosed otherwise-privileged information regarding the results of his breathalyzer and blood alcohol tests, without interposing any objection or seeking an order of protection, he expressly waived confidentiality as to the underlying official records in which such information is memorialized, namely, the breathalyzer and blood alcohol test reports (cf. Liverano v Devinsky, 278 AD2d 386 [2000]; People v Feldmann, 110 AD2d 906 [1985]).

In light of our determination, we do not reach the petitioners' remaining contentions. Cozier, J.P., S. Miller, Rivera and Fisher, JJ., concur.