RAYMOND PINK et al., Respondents, v MATTHEW RICCI, Appellant, and MARK WILBUR et al., Respondents, et al, Defendant. [903 NYS2d 632]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 1, 2009 in a personal injury action. The order, inter alia, granted the motion of plaintiffs to compel defendant Matthew Ricci to comply with disclosure.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the directive that defendant Matthew Ricci fully respond to certain trial questioning and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Raymond Pink (plaintiff) when Matthew Ricci (defendant) allegedly struck him during a fight that also involved other fellow spectators at a youth hockey game. Defendant thereafter pleaded guilty to assault in connection with the fight. Plaintiffs moved, inter alia, to compel defendant to respond to plaintiffs' discovery demands, which included requests for copies of all court and police records from the criminal proceedings against defendant. In addition, plaintiffs sought to compel defendant to respond to questioning during his deposition concerning the records sought and the criminal proceedings. Defendant cross-moved, inter alia, for a protective order with respect to the records involving the criminal proceedings (first cross motion), and thereafter cross-moved to dismiss his own counterclaim (second cross motion), which asserted that plaintiff and others acting in concert with him caused defendant to experience "a great deal of emotional stress, anxiety and, upon information and belief, physical injury." Plaintiffs did not oppose the second cross motion, and Supreme Court granted it. We conclude that the court properly granted plaintiffs' motion to compel and denied defendant's first cross motion. Defendant did not regain his statutory privilege of confidentiality by virtue of his having withdrawn his counterclaim inasmuch as his similar cross claims against the remaining defendants remain viable (see Best v 2170 5th Ave. Corp., 60 AD3d 405 [2009]; Rodriguez v Ford Motor Co., 301 AD2d 372 [2003]; Lott v Great E. Mall, 87 AD2d 978 [1982]; see generally Green v Montgomery, 95 NY2d 693, 701 [2001]; Commercial Union Ins. Co. v Jones, 216 AD2d 967 [1995]). We further conclude, however, that the court erred in sua sponte directing defendant "to fully respond to . . . trial questioning on the issue of his arrest and criminal proceedings arising from the [fight]," and we therefore modify the order by vacating that directive. The admissibility of evidence at trial lies primarily within the discretion of the trial court rather than the motion

court (*see generally Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1132 [2008], *lv denied* 11 NY3d 708 [2008]; *Goldner v Kemper Ins. Co.*, 152 AD2d 936 [1989], *lv denied* 75 NY2d 704 [1990]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.