SECOND DEPARTMENT, MARCH, 2012

(March 6, 2012)

■ AUTO COLLECTION, INC., et al., Respondents, v C.P., Appellant, et al., Defendants. [939 NYS2d 541]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant C.P. appeals from an order of the Supreme Court, Kings County (Demarest, J.), entered February 4, 2011, which granted the plaintiffs' motion to strike his opposition to a certain notice to admit and to deem the facts stated therein admitted unless he responded, under oath, to the notice to admit within 20 days. By decision and order on motion dated March 2, 2011, this Court granted the motion of the defendant C.P. to stay enforcement of the order entered February 4, 2011, pending the hearing and determination of the appeal.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion to strike the opposition to the notice to admit and to deem the facts stated therein admitted is denied, and the notice to admit is stricken.

This action, commenced by a used car dealership and its owners against, among others, their former employee, the defendant C.P. (hereinafter the appellant), arose out of numerous complaints made by the dealership's customers who had allegedly paid for vehicles that they never received, and ensuing civil actions commenced by those customers against the dealership. The plaintiffs served upon the appellant a notice to admit that he pleaded guilty to a seven-count indictment charging him with grand larceny predicated upon his alleged conduct of stealing certain checks or funds intended for the purchase of automobiles. The appellant opposed the notice to admit on the ground, inter alia, that the criminal proceedings on the indictment had been sealed. The plaintiffs thereafter moved to strike the appellant's opposition to the notice to admit and to deem the facts stated therein admitted. The Supreme Court granted the plaintiffs' motion to the strike the opposition to the notice to admit, unless the appellant responded to it, under oath, within 20 days.

The appellant properly opposed the notice to admit on the ground that it sought the admission of facts that were the subject of a sealed criminal proceeding. This Court has held that, in the face of a statutory grant of confidentiality to records related to youthful offender adjudications, a youthful offender could not be compelled by notice to admit to divulge the contents of the confidential records (*see State Farm Fire & Cas. Co. v Bongiorno*, 237 AD2d 31, 34-35, 37 [1997]). The Court reasoned that requiring such disclosure through the discovery device of a notice to admit would undermine the statutory grant of confidentiality (*id.* at 35). The same reasoning applies here. The plaintiffs, through the device of a notice to admit, cannot be allowed to circumvent an order of a court sealing a proceeding.

Moreover, contrary to the plaintiffs' contention, the appellant did not waive the confidentiality of the sealed criminal proceeding by asserting cross claims for indemnification against the dealership in two actions commenced by customers against the dealership and the appellant. The cross claims were not asserted in the action at issue on this appeal, and thus, the appellant has not placed his conduct at issue in this action through the assertion of any cross claims, since he has not asserted any (cf. *Green v Montgomery*, 95 NY2d 693 [2001]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied the plaintiffs' motion to strike the appellant's opposition to the notice to admit and to deem the facts stated therein admitted, and the notice to admit should have been stricken. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.