# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1188**
**CA 12-00377**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.
_____

RAYMOND PINK AND MICHELLE PINK,
PLAINTIFFS-RESPONDENTS,

                          V                                    MEMORANDUM AND ORDER

MATTHEW RICCI, DEFENDANT-APPELLANT,
MARK WILBUR, CHRISTIN WILBUR, ROME YOUTH
HOCKEY ASSOCIATION, INC., WHITESTOWN YOUTH
HOCKEY ASSOCIATION, INC., CITY OF ROME,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.
(APPEAL NO. 1.)
_____

HISCOCK & BARCLAY, LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CONWAY & KIRBY, LLP, LATHAM (ANDREW W. KIRBY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

GOLDBERG SEGALLA LLP, SYRACUSE (CORY DECRESENZA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS MARK WILBUR AND CHRISTIN WILBUR.

ROEMER WALLENS GOLD & MINEAUX, LLP, ALBANY (BENJAMIN D. HEFFLEY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS ROME YOUTH HOCKEY ASSOCIATION,
INC. AND WHITESTOWN YOUTH HOCKEY ASSOCIATION, INC.
-----------------------------------------------------------------------

     Appeal from an order and judgment (one paper) of the Supreme
Court, Oneida County (Anthony F. Shaheen, J.), entered July 18, 2011
in a personal injury action.  The order and judgment denied the motion
of defendant Matthew Ricci for leave to amend his answer, granted the
cross motion of plaintiffs for partial summary judgment on liability
against Matthew Ricci and granted the cross motions of defendants Rome
Youth Hockey Association, Inc., Whitestown Youth Hockey Association,
Inc., Mark Wilbur and Christin Wilbur for summary judgment on their
cross claims for contribution against Matthew Ricci.

     It is hereby ORDERED that said appeal from the order and judgment
insofar as it granted the cross motions of defendants Mark Wilbur and
Christin Wilbur and defendants Rome Youth Hockey Association, Inc. and
Whitestown Youth Hockey Association, Inc. for summary judgment on
their cross claims for contribution against defendant Matthew Ricci is
unanimously dismissed and the order and judgment is modified on the
law by denying the cross motion of plaintiffs for partial summary
judgment on the issue of liability with respect to defendant Matthew

Ricci and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Raymond Pink (plaintiff) when Matthew Ricci (defendant) allegedly struck him during a fight that also involved fellow spectators at a youth hockey game. Defendant thereafter pleaded guilty to assault in connection with the fight. On a prior appeal, we concluded, inter alia, that Supreme Court properly granted plaintiffs' motion to compel defendant to respond both to their discovery demands, which included requests for copies of all court and police records from the criminal proceedings against defendant, and to questioning during his deposition concerning those records (*Pink v Ricci*, 74 AD3d 1773, 1774). We also concluded that defendant, through cross claims he asserted against the remaining defendants, waived his statutory privilege of confidentiality with respect to those records (*id.*).

In appeal No. 1, defendant appeals from an order and judgment that denied defendant's motion for leave to amend his answer to assert an affirmative defense based on the emergency doctrine, and granted plaintiffs' cross motion for partial summary judgment on liability against defendant. The order and judgment also granted the cross motions of defendants Mark Wilbur and Christin Wilbur (collectively, Wilburs), and defendants Rome Youth Hockey Association, Inc. and Whitestown Youth Hockey Association, Inc. (collectively, hockey associations) for summary judgment on their respective cross claims against defendant for contribution. In appeal No. 2, defendant appeals from an order that, upon reargument, adhered to the prior rulings granting the cross motions of the Wilburs and the hockey associations.

We note at the outset that we dismiss the appeal from the order and judgment in appeal No. 1 insofar as it granted the respective cross motions of the Wilburs and the hockey associations for summary judgment (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985; *see also Griffith Oil Co., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 15 AD3d 982, 983). Turning to the merits of plaintiffs' cross motion for partial summary judgment in appeal No. 1 and the cross motions of the Wilburs and the hockey associations for summary judgment, upon reargument, in appeal No. 2, we reject defendant's contention that the court erred in failing to deny the cross motions as premature. " '[T]he fact that discovery has not been completed does not provide a basis to defeat [the cross] motion[s] . . . inasmuch as [defendant] failed to establish that facts essential to justify opposition [to the cross motions] may exist but cannot then be stated' " (*Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1134-1135; *see* CPLR 3212 [f]).

We further conclude in appeal No. 1, however, that the court erred in granting plaintiffs' cross motion for summary judgment on liability. We therefore modify the order and judgment in that appeal accordingly. "A criminal conviction may be given collateral estoppel effect in a subsequent civil litigation if there is an identity of

issues and a full and fair opportunity to litigate in the first action" (*Hooks v Middlebrooks*, 99 AD2d 663, 663).  "A youthful offender adjudication is not a judgment of conviction for a crime or any other offense" (CPL 720.35 [1]) but, because defendant affirmatively placed his conduct at issue by his cross claims against the remaining defendants (*Pink*, 74 AD3d at 1774), his youthful offender adjudication may be used for collateral estoppel purposes (*see Green v Montgomery*, 95 NY2d 693, 701; *cf. Royal Globe Ins. Co. v Mottola*, 89 AD2d 907, 907-908).  Here, plaintiffs established the requisite " 'identity of issue,' " and defendant had a full and fair opportunity to litigate the issue of his conduct in the underlying criminal matter (*see Captain v Hamilton*, 178 AD2d 938, 939).  Nevertheless, we further conclude that the court erred in granting plaintiffs' cross motion for partial summary judgment on liability, i.e., negligence and proximate cause (*see Stevens v Zukowski*, 55 AD3d 1400, 1401), because plaintiffs failed to establish that defendant's conduct was the sole proximate cause of plaintiff's injuries (*see Strychalski v Dailey*, 65 AD3d 546, 547; *cf. Kramer v Griffin*, 156 AD2d 973, 973-974).

We also conclude in appeal No. 2 that the court, upon reargument, erred in adhering to its prior decision granting the cross motions of the Wilburs and the hockey associations for summary judgment on their cross claims against defendant for contribution.  "The right to contribution exists among persons who are subject to liability for the same injury" (Vincent C. Alexander, Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C1401:2, at 504), and reflects a "right of apportionment among tortfeasors based on their actual degrees of fault as determined by the fact-finder" (CPLR C1401:1, at 502; *see* CPLR 1401, 1402).  Here, there has been no apportionment of fault and, in view of the triable issues of fact as to the fault of the various parties, we conclude that the court should have denied the cross motions for summary judgment on the contribution cross claims against defendant (*see generally Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188; *Anderson v Jefferson-Utica Group, Inc.*, 26 AD3d 760, 761; *Young v Buffalo Color Corp.*, 255 AD2d 920, 921).  We specify, however, that our denial of the cross motions seeking summary judgment on the cross claims for contribution is without prejudice to renewal at an appropriate time.

Finally, contrary to defendant's contention in appeal No. 1, we conclude that the court properly denied his motion seeking leave to assert an affirmative defense based on the emergency doctrine. " 'Generally, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court' " (*Carro v Lyons Falls Pulp & Paper, Inc.*, 56 AD3d 1276, 1277; *see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959).  Here, the proposed amendment is lacking in merit (*see generally Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8

AD3d 1000, 1001; *Christiano v Chiarenza*, 1 AD3d 1039, 1040).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court