In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 13, 2012, which denied his motion pursuant to CPLR 3124 and 3126 to compel certain disclosure or to impose sanctions upon the defendant for failure to disclose.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action alleging that, on Halloween 2007, the defendant’s son threw an egg which hit the plaintiffs daughter in the eye, causing her injuries. The plaintiff further alleged that criminal charges were filed against the defendant’s son arising from this incident, that the defendant’s son pleaded guilty to assault in the third degree (Penal Law § 120.00 [2]), and that the defendant’s son was subsequently adjudicated a youthful offender.
At his deposition, the defendant’s son denied throwing the egg which allegedly struck the plaintiffs daughter. He refused to answer questions regarding the youthful offender proceedings and any statements he made to police or the court regarding any involvement in the incident on the ground that such information was privileged pursuant to CPL 720.35 (2). The plaintiff then served a demand for authorizations to obtain the complete police and court files related to the youthful offender adjudication. The defendant objected to the demand based upon the statutory privilege.
The plaintiff moved pursuant to CPLR 3124 and 3126, inter alia, to compel the defendant’s son to answer the questions posed at his deposition and to comply with the plaintiff’s demand for authorizations. The Supreme Court denied the motion, determining that the defendant’s son did not waive the confidentiality of his youthful offender proceeding.
The youthful offender statute (CPL art 720) provides special measures for persons found to be youthful offenders, which “ ‘emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals’ ” (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d 263, 268 [1988], quoting People v Drayton, 39 NY2d 580, 584 [1976]). Thus, “[a] youthful offender adjudication is not a judg *697 ment of conviction for a crime or any other offense” (CPL 720.35 [1]). Further, pursuant to CPL 720.35 (2), all official records and papers concerning the adjudication are sealed. That statute provides: “Except where specifically required or permitted by statute or upon specific authorization of the court, all official records and papers, whether on file with the court, a police agency or the division of criminal justice services, relating to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to any person or public or private agency [with certain exceptions not relevant here].”
The privilege created by this statute attaches not only to the physical documents constituting the official record, but also to the information contained within those documents (see Matter of Barnett v David M.W., 22 AD3d 575 [2005]; State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 35 [1997]). Thus, a person adjudicated a youthful offender may refuse to answer questions regarding the charges and police investigation, whether he or she pleaded guilty, and whether a youthful offender adjudication was made. However, the person must still answer questions regarding the facts underlying the adjudication (see Matter of Barnett v David M.W., 22 AD3d at 576-577).
The language in the statute permitting access to the confidential records “upon specific authorization of the court” refers only to the court which rendered the youthful offender adjudication (CPL 720.35 [2]; see State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d at 35; Royal Globe Ins. Co. v Mottola, 89 AD2d 907 [1982]). Absent a statute or order of the court which rendered the youthful offender adjudication, disclosure of the information in the confidential records may not be compelled unless the youthful offender has waived the privilege (see Auto Collection, Inc. v C.P., 93 AD3d 621 [2012]; State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31 [1997]). As with other privileges, the privilege of CPL 720.35 (2) is waived “where the individual affirmatively places the information or conduct in issue” (Green v Montgomery, 95 NY2d 693, 700 [2001]; see Dillenbeck v Hess, 73 NY2d 278, 287 [1989]; Prink v Rockefeller Ctr., 48 NY2d 309 [1979]; Pink v Ricci, 74 AD3d 1773 [2010]; Taylor v New York City Tr. Auth., 131 AD2d 460 [1987]).
Here, the defendant’s son did not waive the privilege afforded by the statute since he did not commence an action which places the conduct at issue (see Green v Montgomery, 95 NY2d at 701; Taylor v New York City Tr. Auth., 131 AD2d at 462; Gebbie v Gertz Div. of Allied Stores of N.Y., 94 AD2d 165 [1983]). The defendant did not assert counterclaims or cross claims in this ac *698 tion placing the conduct at issue (see Auto Collection, Inc. v C.P., 93 AD3d 621 [2012]; Pink v Ricci, 74 AD3d 1773 [2010]), and the defendant’s son did not testify as to the confidential contents of the records (see Matter of Barnett v David M.W., 22 AD3d at 577; People v Johnson, 90 Misc 2d 777 [1977], revd on other grounds 78 AD2d 298 [1981]). Contrary to the plaintiffs contention, the testimony of the defendant’s son at his deposition denying that he threw the egg which allegedly struck the plaintiffs daughter did not waive the protections of the statute (see State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 33, 37 [1997]). Accordingly, the Supreme Court properly denied the plaintiffs motion to compel disclosure of the confidential information or to impose sanctions upon the defendant for failure to disclose.
Skelos, J.E, Chambers, Hall and Miller, JJ., concur.