# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

709
CA 14-01676
PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

KOVALSKY-CARR ELECTRIC SUPPLY CO., INC.,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

HARTFORD CASUALTY INSURANCE COMPANY AND
EASTCOAST ELECTRIC, LLC, DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

ADAMS BELL ADAMS, P.C., ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

RELIN, GOLDSTEIN & CRANE LLP, ROCHESTER, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 18, 2013. The judgment awarded plaintiff damages in the principal amount of $70,460.98.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to recover sums allegedly remaining due pursuant to an agreement with defendant EastCoast Electric, LLC (EastCoast). The State University Construction Fund hired EastCoast as the prime contractor for a construction project (SUCF project), and EastCoast entered into an agreement with plaintiff pursuant to which plaintiff supplied materials for the SUCF project, and EastCoast obtained a labor and material bond from defendant Hartford Casualty Insurance Company.

In appeal No. 1, defendants appeal from an order that, inter alia, granted plaintiff's motion for partial summary judgment on its first cause of action and denied their cross motion for leave to amend the answer. We note at the outset that the order was subsumed in a judgment that was subsequently entered and, while the appeal properly lies from the judgment, we exercise our discretion to treat the notice of appeal as valid and deem the appeal to be from the judgment (*see* CPLR 5520 [c]; *Hendryx v Johnson Boys Ford-Mercury*, 309 AD2d 1260, 1260). In appeal No. 2, defendants appeal from an order that granted plaintiff's motion seeking, inter alia, to dismiss the answer with counterclaims and denied their cross motion to consolidate this action with another pending action commenced by plaintiff against EastCoast.

We conclude in appeal No. 1 that Supreme Court properly granted plaintiff's motion for partial summary judgment on its first cause of action.  Plaintiff established its entitlement to judgment by submitting the documents comprising its agreement with EastCoast along with evidence establishing that EastCoast failed to make the payments required by the terms of that agreement (*see Deere & Co. v M.P. Jones Cos., Inc*. [appeal No. 1], 93 AD3d 1208, 1208).  Defendants failed to raise a triable issue of fact in opposition to the motion (*see Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Ctr. for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1455).  We further conclude in appeal No. 1 that the court properly denied defendants' cross motion for leave to amend their answer inasmuch as the proposed amendment is lacking in merit (*see Pink v Ricci*, 100 AD3d 1446, 1448-1449).

In appeal No. 2, we reject defendants' contention that the court erred in denying their cross motion to consolidate this action with another pending action commenced by plaintiff against EastCoast.  It is not possible to determine from the submissions in support of the cross motion whether the actions raise "a common question of law or fact" warranting consolidation (CPLR 602 [a]).  We also reject defendants' contention that the court erred in granting that part of plaintiff's motion to dismiss the second counterclaim, which seeks attorney's fees incurred in the instant action pursuant to State Finance Law § 137 (4) (c).  Inasmuch as plaintiff prevailed on its first cause of action, it cannot be said that plaintiff's "claim is without substantial basis in fact or law" (*id*.).  We agree with defendants, however, that the court erred in granting plaintiff's motion to the extent that it sought dismissal of the first counterclaim.  That counterclaim alleges that plaintiff is liable for backcharges for incomplete or incorrect labor or materials provided by plaintiff to EastCoast on the SUCF project and on two additional projects.  Plaintiff failed to establish its entitlement to judgment with respect to that counterclaim insofar as it relates to those two additional projects (*see New York Univ. v Cliff Tower, LLC*, 107 AD3d 649, 650).  We therefore modify the order in appeal No. 2 accordingly.

Entered:  July 10, 2015                        Frances E. Cafarell
                                               Clerk of the Court