Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered May 2, 2016. The order denied the motion of defendant Nicholas D’Angelo to dismiss the complaint against him, granted the cross motion of plaintiff to extend the time to serve the summons and complaint nunc pro tunc and granted the cross motion of plaintiff to compel Nicholas D’Angelo to provide certain authorizations for access to records.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In this action to recover damages for personal injuries, Nicholas D’Angelo (defendant) appeals from an order that denied his motion to dismiss the complaint against him for untimely service, and granted plaintiff’s cross motion to extend the time to serve the summons and complaint and for an order compelling defendant to provide authorizations to access sealed records relating to his youthful offender adjudication.
 

 We agree with plaintiff that Supreme Court properly denied defendant’s motion inasmuch as defendant waived his defense of lack of personal jurisdiction based on improper service of process by failing to move to dismiss the complaint on that ground within 60 days of serving his answer (see CPLR 3211 [e]; Anderson & Anderson, LLP-Guangzhou v Incredible Invs. Ltd., 107 AD3d 1520, 1521 [2013]; Britt v Buffalo Mun. Hous. Auth., 48 AD3d 1181, 1181-1182 [2008]; Woleben v Sutaria, 34 AD3d 1295, 1296 [2006]). Defendant’s contention that his motion was based on the statute of limitations, as opposed to improper service, is belied by the record and, in any event, is without merit because plaintiff filed the summons with notice prior to the expiration of the limitations period (see CPLR 203 [c]; 304 [a]; see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 100 [2001]).
 

 We likewise conclude that, inasmuch as defendant failed to move to dismiss the complaint based on improper service within 60 days of serving his answer, he cannot challenge the court’s determination to grant that part of plaintiff’s cross motion seeking an extension of time for service of the summons and complaint pursuant to CPLR 306-b (see JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1271 [2017]). In any event, upon consideration of the relevant factors, including the expiration of the statute of limitations, the meritorious nature of plaintiff’s cause of action against defendant, and defendant’s failure to show any prejudice, we conclude that the court did not abuse its discretion in granting that part of plaintiff’s cross motion (see Woods v M.B.D. Community Hous. Corp., 90 AD3d 430, 430-431 [2011]; Moss v Bathurst, 87 AD3d 1373, 1374 [2011]; Busier v Corbett, 259 AD2d 13, 17 [1999]).
 

 We also reject defendant’s contention that the court erred in ordering him pursuant to CPLR 3124 to provide authorizations to access records related to defendant’s youthful offender adjudication in this matter. Under CPL 720.35 (2), “all official records and papers concerning the [youthful offender] adjudication are sealed” (Castiglione v James F.Q., 115 AD3d 696, 697 [2014]). Nevertheless, “[a]s with other privileges, the privilege of CPL 720.35 (2) is waived ‘where the individual affirmatively places the information or conduct in issue’ ” (id., quoting Green v Montgomery, 95 NY2d 693, 700 [2001]; see Auto Collection, Inc. v C.P, 93 AD3d 621, 623 [2012]; Pink v Ricci, 74 AD3d 1773, 1774 [2010]). Here, we conclude that defendant waived his statutory privilege inasmuch as he placed the information or conduct in issue when he asserted a cross claim for indemnification against defendant Niagara Falls City School District (see Pink, 74 AD3d at 1774; see also Rodriguez v Ford Motor Co., 301 AD2d 372, 372 [2003]; Maurice v Mahon, 239 AD2d 188, 188 [1997]). Moreover, although Supreme Court was not the court that rendered the youthful offender adjudication (see CPL 720.35 [2]; State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 35 [1997]; Matter of Gannett Suburban Newspapers v Clerk of County Ct. of County of Putnam, 230 AD2d 741, 741 [1996]), we reject defendant’s contention that Supreme Court lacked authority to order the disclosure of the records inasmuch as defendant “has waived the privilege” afforded by the statute (Castiglione, 115 AD3d at 697; see Lott v Great E. Mall, 87 AD2d 978, 979 [1982]).
 

 Present — Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.