Ziverts v Wunderlich (2019 NY Slip Op 00781)





Ziverts v Wunderlich


2019 NY Slip Op 00781


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1350 CA 18-01000

[*1]NATHAN M. ZIVERTS, PLAINTIFF-RESPONDENT,
v
SULLIVAN O. WUNDERLICH, DEFENDANT-APPELLANT. 






BARTH SULLIVAN BEHR, SYRACUSE (DANIEL CARTWRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WEISBERG & ZUKHER, PLLC, SYRACUSE (DAVID E. ZUKHER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 10, 2018. The order denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for personal injuries sustained by plaintiff as the result of a motor vehicle collision, defendant appeals from an order that denied his motion to dismiss the complaint for lack of personal jurisdiction based on improper service of process. Defendant contends that Supreme Court erred in determining that he waived that objection pursuant to CPLR 3211 (e) by failing to move for judgment on that ground within 60 days of serving his answer inasmuch as he demonstrated undue hardship justifying an extension of the 60-day period. We reject that contention and affirm.
It is undisputed that defendant was not properly served with the complaint. Defendant nevertheless learned of the action and interposed an answer, raising lack of personal jurisdiction based on improper service as an affirmative defense. Having done so, his failure to move for judgment on that ground within 60 days of serving his answer amounted to a waiver of that objection, notwithstanding that plaintiff had remaining time to effect proper service pursuant to CPLR 306-b, unless defendant demonstrated an undue hardship justifying an extension of the 60-day period (see CPLR 3211 [e]). Here, defendant offered no reason why he could not have moved for judgment within the 60-day period. Thus, we conclude that the court properly denied defendant's motion (see CPLR 3211 [e]; Doe v D'Angelo, 154 AD3d 1300, 1301 [4th Dept 2017]; Anderson & Anderson, LLP-Guangzhou v
Incredible Invs. Ltd., 107 AD3d 1520, 1521 [4th Dept 2013]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court