Arma v East Islip Union Free Sch. Dist. (2019 NY Slip Op 03019)





Arma v East Islip Union Free Sch. Dist.


2019 NY Slip Op 03019


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-01608
 (Index No. 35821/12)

[*1]Alexa Arma, respondent, 
v
East Islip Union Free School District, et al., defendants, Colleen C., et al., appellants.


Peter C. Walsh, Port Jefferson, NY, for appellants.
Barket Marion Epstein & Kearon, LLP, Garden City, NY (Alexander R. Klein of counsel), for respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for defendants.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Colleen C. and Marie C. S., as legal guardian of and for Colleen C., appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated November 23, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel the defendant Colleen C. to appear for and answer questions at a deposition and denied that branch of the cross motion of the defendants Colleen C. and Marie C. S., as legal guardian of and for Colleen C., which was for a protective order precluding the deposition of that defendant.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellants.
On December 12, 2011, the plaintiff allegedly was injured as a result of a physical altercation with the defendant Colleen C. which occurred in the hallway of a high school that they both attended at that time. The plaintiff commenced this action against, among others, Colleen C. and the defendant Marie C. S., as legal guardian of and for Colleen C. (hereinafter together the appellants), inter alia, to recover damages for personal injuries. The plaintiff alleged that, following a heated verbal argument, Colleen C. threw the plaintiff to the ground and then punched her, causing her head to strike the ground. Criminal charges were filed against Colleen C. arising from this incident and she was subsequently adjudicated a youthful offender.
During the course of discovery, the plaintiff sought to depose Colleen C., but her counsel refused to produce her, arguing that, pursuant to CPL 720.35(2), the information sought was protected by the confidentiality provision for youthful offender adjudications. Thereafter, the plaintiff moved, inter alia, to compel Colleen C. to appear for and answer questions at a deposition regarding the facts underlying the incident. The appellants opposed that branch of the plaintiff's motion and cross-moved, among other things, for a protective order precluding Colleen C.'s deposition. The Supreme Court granted that branch of the plaintiff's motion which was to compel [*2]Colleen C. to appear for a deposition, and denied that branch of the appellants' cross motion which was for a protective order precluding her deposition.
" The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals'" (People v Francis, 137 AD3d 91, 93, affd 30 NY3d 737, quoting People v Drayton, 39 NY2d 580, 584). "The primary advantage of youthful offender treatment is the avoidance of the stigma and practical consequences which accompany a criminal conviction'" (People v Francis, 137 AD3d at 94, quoting People v Cook, 37 NY2d 591, 595).
"A youthful offender adjudication is not a judgment of conviction for a crime or any other offense" (CPL 720.35[1]). In keeping with the statutory goal that eligible youths not be stigmatized by a youthful offender adjudication, CPL 720.35 directs that records relating to the prosecution be sealed.
"[A] person adjudicated a youthful offender may refuse to answer questions regarding the charges and police investigation, whether he or she pleaded guilty, and whether a youthful offender adjudication was made" (Castiglione v James F.Q., 115 AD3d 696, 697; see Matter of Barnett v David M.W., 22 AD3d 575, 576; State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 35). However, "not all of the information contained within the protected records is necessarily privileged" (Matter of Barnett v David M.W., 22 AD3d at 576). The statutory grant of confidentiality afforded to official records and the information contained therein does not extend to the facts underlying the incident which gave rise to the youthful offender adjudication (see CPL 720.35[2]). Thus, an eligible youth may not refuse, on grounds of confidentiality, to answer questions about the facts underlying the subject incident, even though those facts also form the basis of his or her youthful offender adjudication (see Castiglione v James F.Q., 115 AD3d at 697; Matter of Barnett v David M.W., 22 AD3d at 576).
Here, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was to compel Colleen C. to appear for a deposition and to answer questions regarding the facts underlying the incident, and denying that branch of the appellants' cross motion which was for a protective order precluding the same (see Castiglione v James F.Q., 115 AD3d at 697). While Colleen C. cannot be compelled to divulge the contents of the confidential records underlying her youthful offender adjudication, she can be compelled to answer questions about the facts underlying the incident (see id.; Matter of Barnett v David M.W., 22 AD3d at 576; State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d at 35).
The appellants' remaining contentions need not be reached in light of our determination.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court