Kalbacher v George (2025 NY Slip Op 02916)

Kalbacher v George

2025 NY Slip Op 02916

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-03083
 (Index No. 615186/23)

[*1]Kenneth Kalbacher, appellant, 
v
Antonio George, respondent.

Krantz & Berman LLP, New York, NY (Larry H. Krantz and Rebecca Campbell of counsel), for appellant.
The Frampton Firm P.C. (Johannesen & Johannesen PLLC, Rocky Point, NY [Richard Johannesen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated March 19, 2024. The order, insofar as appealed from, denied the plaintiff's motion to overrule the defendant's objection to the plaintiff's use of transcripts from related criminal proceedings and, in effect, granted that branch of the defendant's motion which was to direct the plaintiff to amend, among other things, the summons and complaint to omit any references to the related criminal proceedings.
ORDERED that the appeal from so much of the order as denied the plaintiff's motion to overrule the defendant's objection to the plaintiff's use of transcripts from the related criminal proceedings is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In June 2023, the plaintiff commenced this action to recover damages for assault and battery against the defendant. The defendant interposed an answer asserting various affirmative defenses. Thereafter, the plaintiff moved for summary judgment on the issue of liability. In support of the motion, the plaintiff submitted, among other things, transcripts from related criminal proceedings (hereinafter the criminal proceedings). The defendant objected to the plaintiff's use of those transcripts and any reference to the criminal proceedings pursuant to CPL 720.35. The plaintiff moved to overrule the defendant's objection. The defendant moved, inter alia, to direct the plaintiff to amend, among other things, the summons and complaint to omit any references to the criminal proceedings. In an order dated March 19, 2024, the Supreme Court, inter alia, denied the plaintiff's motion and, in effect, granted that branch of the defendant's motion. The plaintiff appeals.
The appeal from so much of the order as denied the plaintiff's motion to overrule the defendant's objection to the use of transcripts from the criminal proceedings must be dismissed. The subject ruling is an evidentiary ruling, which, even when made "in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" [*2](Cotgreave v Public Adm'r of Imperial County [Cal.], 91 AD2d 600, 601; see Diller v Munzer, 141 AD3d 630, 630-631).
The Supreme Court properly, in effect, granted that branch of the defendant's motion which was to direct the plaintiff to amend, among other things, the summons and complaint to omit any references to the criminal proceedings. Pursuant to CPL 720.35(2), those proceedings are sealed (see Castiglione v James F.Q., 115 AD3d 696, 697). "As a general proposition, the privilege created by CPL 720.35 attaches not only to the physical documents constituting the official record . . . but also to the information contained within those documents" (Matter of Barnett v David M.W., 22 AD3d 575, 576). Here, contrary to the plaintiff's contention, the defendant did not waive the privilege afforded by CPL 720.35(2) since he did not place his conduct at issue by commencing an action, asserting counterclaims or cross-claims, or testifying as to the confidential contents of the records (see Castiglione v James F.Q., 115 AD3d at 697-698). The mere fact that the defendant denied the allegations contained in the complaint and asserted certain affirmative defenses did not waive the protections of the statute (see id. at 698; State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 37).
The plaintiff's remaining contentions are without merit.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court